UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Civil No. 07-mc-63 (DWF/SRN) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Peter Martinez, | |
| Respondent. | |

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned case comes before the undersigned United States Magistrate Judge on the United States of America's Petition to Enforce Internal Revenue Service Summons (Doc. No. 1) and this Court's Order to Show Cause Why the Petition Should Not Be Granted (Doc. No. 2). This matter has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

I.  BACKGROUND

The United States brought this case pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) to judicially enforce an Internal Revenue Service (IRS) summons. Respondent Peter Martinez is a resident of the State of Minnesota and the president of Divine Impact Corporation. Amanda Shirley is a duly-commissioned IRS revenue officer, and as such, is authorized to issue an IRS summons pursuant to 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602-1. Ms. Shirley is conducting an investigation into the tax liabilities of Divine Impact Corporation for the quarterly tax periods ending June 30, 2006; September 30, 2006; and December 31, 2006. Ms. Shirley believes that Respondent possesses documents and other information concerning the investigation.

Consequently, Ms. Shirley issued an IRS summons on July 26, 2007, directing Respondent to appear on August 21, 2007, at 21 S.W. Second Street, Rochester, Minnesota, to testify and to produce certain documents and records for examination. Ms. Shirley served a copy of the summons on Respondent the next day by leaving an attested copy with his wife, Renee Martinez, at 500 Greenhaven Drive, Apartment 322, Burnsville, Minnesota. Respondent did not appear in response to the summons.

The United States therefore commenced this action by filing a petition to enforce the summons on October 31, 2007. This Court issued an Order to Show Cause on November 6, 2007, requiring Respondent to appear in federal court on January 7, 2008, and explain why he should not be compelled to testify and produce the records demanded in the summons. The Order was personally served on Respondent on November 8, 2007, by the United States Marshals Service. Respondent did not respond in writing to the petition or the Order, nor did he appear at the hearing.

## II.   DISCUSSION

Based on the record before the Court, the Court finds that Ms. Shirley is conducting a legitimate investigation into the tax liabilities of Divine Impact Corporation, and she requires documents and information from Respondent to complete the investigation. The Court also finds that the data is not already in the possession of the IRS, that all administrative steps for the proper issuance and service of the summons were followed, and that there has been no recommendation for criminal prosecution to the Department of Justice in connection with the IRS investigation. Accordingly, the United States is entitled to the relief requested in the petition, which is an order requiring Respondent to appear and give testimony and produce

documents and records as set forth in the summons.

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The United States of America's Petition to Enforce Internal Revenue Service Summons (Doc. No. 1) be **GRANTED**; and

2. Respondent be ordered to obey the summons in its entirety no later than 5:00 p.m. on April 7, 2008.

Dated: January 8, 2008

  s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 23, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.